**Norma LARA, Plaintiff,**

v.

**COUNTY OF SAN MATEO, et al., Defendants.**

No. C–01–1265 JCS.

United States District Court, N.D. California.

Aug. 13, 2001.

**ORDER GRANTING IN PART AND IN PART DENYING DEFENDANTS' MOTION TO DISMISS COMPLAINT**

SPERO, United States Magistrate Judge.

On June 15, 2001, Defendants filed a Motion To Dismiss Complaint ("the Motion") pursuant to Fed.R.Civ.P. 12(b)(1) and (6). Following full briefing, the Court decides the Motion without oral argument, pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is GRANTED in part and DENIED in part.

## I. *INTRODUCTION*

Plaintiff, Norma Lara, brings this action pursuant to 42 U.S.C. § 1983 on the ground that she was wrongfully and illegally seized in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States. Complaint at 1 ¶ 1. She also asserts related causes of action under California state law. *Id.*

Defendants move to dismiss the Complaint pursuant to F.R.C.P. 12(b)(1) and (6), arguing that Plaintiff's Complaint fails to state a claim with respect to her § 1983 claims. Defendants argue further that because Plaintiff's federal law claims fail, this Court should dismiss Plaintiff's remaining claims, which are brought under state law. In particular, Defendants assert that: 1) Plaintiff fails to allege the elements necessary to establish municipal liability under 42 U.S.C. § 1983 as to the County of San Mateo; 2) Plaintiff has not alleged the elements necessary to establish supervisory liability under § 1983 as to Sgt. John

Flahavan; and 3) Plaintiff has not stated a § 1983 claim as to any defendant because she has not alleged facts showing that there was a "seizure" within the meaning of the Fourth Amendment. Plaintiff concedes that she has not alleged the required elements of a claim for municipal liability against the County of San Mateo. Therefore, the Court grants Defendant's Motion as to Plaintiff's § 1983 claim against the County of San Mateo.[1] The Court addresses Defendants' remaining arguments below.

## II. *BACKGROUND*[2]

This action is based on an incident that occurred on September 18, 2000, at Sequoia Hospital in Redwood City, California, where Plaintiff was employed as a kitchen helper. Complaint at 2, ¶ 3. Plaintiff alleges that she was transporting a metal cart full of dishes via the elevator, as part of her normal duties. *Id.* The elevator stopped at the second floor and two uniformed officers of the San Mateo Sheriff's Office, Dep. Kazeszki and Sgt. Flahavan, entered the elevator. *Id.* After the doors to the elevator closed, Dep. Kazeszki, "without uttering a word to Plaintiff proceeded to handcuff Plaintiff's wrist, and then immediately handcuffed the other end of the handcuffs to a bar" of the metal cart. *Id.* When the elevator reached the first floor, the officers exited and Plaintiff followed them, still handcuffed to the cart. *Id.* At this point, Deputy Kazeszki made a "joke" about not having the key to the handcuffs, and then released Plaintiff. *Id.* The next day, another officer from the San

---

**1.** The Court does not dismiss Plaintiff's state law claims against the County of San Mateo because, as described below, there remain federal claims in this case and Defendants did not substantively challenge these claims in their Motion.

**2.** The facts set forth in this section are based on the allegations in Plaintiff's Complaint,

which are assumed to be true for the purposes of this motion. *See Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987). The Court does not consider factual assertions contained in Defendants' Motion that go beyond the allegations in the Complaint.

Mateo Sheriff's Department came to Plaintiff's workplace and told her that she had been handcuffed as a "joke" and that she had not really been arrested. *Id.*

## III. *ANALYSIS*

### A. Fourth Amendment Claim for Unlawful Seizure

Defendants aver that although Plaintiff may have alleged facts showing that an "intrusion" occurred, she has not alleged a seizure that rises to the level of a constitutional violation and therefore, that she fails to state a claim under § 1983 as to either Dep. Kazeszki or Sgt. Flahavan. Motion at 7. Defendants' argument has no merit.

■■■ The Supreme Court has explained that not every encounter with a police officer rises to the level of a seizure. *Florida v. Bostick,* 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). Rather, an encounter only triggers Fourth Amendment scrutiny when it "loses its consensual nature." *Id.* "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." *Id.* Thus, the appropriate test to determine whether a police officer's conduct constitutes a seizure is whether, "taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business." *Id.* at 437, 111 S.Ct. 2382.

■■ Here, Plaintiff alleges that she was handcuffed to a cart by an officer of the Sheriff's Department. As a pleading matter, this adequately alleges a seizure. *See United States v. Juvenile (RRA–A),* 229 F.3d 737, 743 (9th Cir.2000) (holding that defendant's "handcuffing was the clearest indication that she was no longer free to leave and therefore find[ing] it to be the point of arrest" even though defendant was not told she was under arrest until later); *Kerman v. City of New York,* 261 F.3d 229 (assuming that when § 1983 plaintiff was handcuffed he had been seized for the purposes of the Fourth Amendment but affirming summary judgment for defendants because officers could have reasonably believed that plaintiff presented risk of harm to himself or others); *United States v. Boone,* 245 F.3d 352, 363 n. 9 (4th Cir.2001) (assuming that defendant was "seized for the purposes of the stop because he was handcuffed during the detention ... and a reasonable person in that situation would not feel free to leave or terminate the encounter" (citing to *Florida v. Bostick*)). Nor do Defendants present any authority in support of the proposition that a reasonable person, having been handcuffed to a cart, would nonetheless believe as a matter of law that she was free to go about her business because the officers had not pointed a gun at her or told her she was under arrest. *See* Motion at 8.

Defendants suggest, however, that Plaintiff was not seized because "a seizure does not occur if an officer applies physical force in an attempt to detain a suspect but such force is ineffective." Motion at 7 (citing to *California v. Hodari D.,* 499 U.S. 621, 625, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991)). Defendants' reliance on *California v. Hodari* is misplaced. There, the defendant began to run when he saw a police car approaching. *Id.* at 622, 111 S.Ct. 1547. One officer became suspicious and pursued the defendant. *Id.* Before the officer had caught up with him, the defendant tossed away a small rock that turned out to be crack cocaine. *Id.* at 623, 111 S.Ct. 1547. The officer then tackled the defendant, handcuffed him and radioed for back-up. *Id.* In considering whether the discarded drugs constituted the fruit of an illegal seizure, the California Court of Appeal held that the defendant was seized

when he saw the officer following him because the pursuit itself was a show of authority sufficient to constitute a seizure. *Id.* The California Supreme Court affirmed. The United States Supreme Court reversed, explaining as follows:

The word seizure readily bears the meaning of a laying on of hands or application of physical force to restrain movement, even when it is ultimately unsuccessful... It does not remotely apply, however, to the prospect of a policeman yelling "Stop, in the name of the law!" at a fleeing form that continues to flee. That is no seizure.... An arrest requires *either* physical force ... *or,* where that is absent, *submission* to the assertion of authority.

*Id.* at 626, 111 S.Ct. 1547. Here, in contrast to the situation in *California v. Hodari,* Plaintiff's claim is based on the allegation that she was restrained by *physical* means rather than by a show of authority. Therefore, the rule articulated in *California v. Hodari* has no relevance to the facts alleged here.

The Court also rejects Defendants' argument that Plaintiff was not seized—even though Defendants had handcuffed her to a cart—because she would not have been free to leave the moving elevator in any event. First, Defendants' argument mischaracterizes the allegations in the Complaint. In particular, Plaintiff alleges that she remained handcuffed after she got off the elevator, on the first floor. Second, there is no authority to support Defendants' position. The fact that an individual's freedom of movement is restricted by a factor independent of police conduct *is* relevant in determining whether an individual who has not been physically restrained has nevertheless been restrained by a *show of authority. See Florida v. Bostick,* 501 U.S. at 436, 111 S.Ct. 2382. In *Florida v. Bostick,* the Court explained that where an individual was being questioned by police on a bus, the mere fact

that the individual did not feel free to leave did not give rise to a seizure in light of the fact that a passenger on a bus that is about to depart generally does not feel free to leave. *Id.* Rather, the Court held that the appropriate inquiry under such circumstances is whether the individual would have felt free to "decline the officers' requests or otherwise terminate the encounter." *Id.* Thus, the Court focused on whether the actions of the *officers,* apart from any independent factors that might have made the individual feel that he was not free to leave, were sufficient to constitute a seizure.

Here, as discussed above, Plaintiff alleges that she was *physically* restrained by Defendants, in contrast to the situation in *Florida v. Bostick.* Therefore, the reasoning of *Florida v. Bostick* does not apply. In particular, Plaintiff could reasonably have believed on the facts alleged that she was not free to go about her business because an officer of the Sheriff's Department had handcuffed her to a cart. Thus, the possible existence of an independent factor which might have made Plaintiff feel that she was not free to leave is not relevant to the question of whether Plaintiff was seized. In any event, even under the rule of *Florida v. Bostick,* Plaintiff has alleged adequate facts to support her claim that she was seized for the purposes of the Fourth Amendment because a reasonable person handcuffed to a cart would not feel free to terminate the encounter. Therefore, Plaintiff has stated a claim under § 1983 based on the Fourth Amendment.

## B. Supervisory Liability

■ Defendants argue that Plaintiff fails to state a claim as to Sgt. Flahavan because she has not alleged that he was personally involved in the alleged constitutional violations. Motion at 5. Defendants are incorrect.

It is well-established that a supervisors may be liable under § 1983 if he "knew of the violations and failed to act to prevent them." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989). Plaintiff alleges that Sgt. Flahavan was in the elevator with Plaintiff and Dep. Kazeszki, observed the entire incident and did nothing to stop Sgt. Kazeszki from handcuffing Plaintiff, even though he "stood in a superior to subordinate relation to Deputy Kazeszki." Complaint at 5 ¶ 16. These allegations are sufficient to state a claim under § 1983 based the inaction of a supervisor with knowledge of the alleged violation.

### C. Pendent Claims

Because the Court finds that Plaintiff has alleged sufficient facts to state a claim under § 1983, the Court does not reach Defendants' argument that Plaintiff's state law claims should be dismissed.

### IV. *CONCLUSION*

For the reasons stated above, Defendants' Motion is GRANTED (Docket No. 5) as to Plaintiff's claim under 42 U.S.C. § 1983 against the County of San Mateo. Accordingly, that claim is dismissed with prejudice. Defendants' Motion is DENIED as to all other claims.

IT IS SO ORDERED.

